IN THE SUPREME COURT OF THE STATE OF NEVADA

DELBERT MARSHALL GREENE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78482

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm, conspiracy to commit robbery, 8 counts of burglary while in possession of a deadly weapon, and 16 counts of robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

The jury found appellant Delbert Greene guilty of burgling and robbing eight different franchise restaurants. During one robbery, Greene, accompanied by a coconspirator, stabbed an employee twice with a knife. Greene raises three issues on appeal.

First, Greene argues that inconsistent physical descriptions by the various witnesses compels the conclusion that insufficient evidence supports his convictions. We disagree. When reviewing the sufficiency of the evidence supporting a criminal conviction, we consider "whether, after

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

21-13952

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Here, the State presented video surveillance from many of the robberies and eyewitness testimony from every incident. Police recovered several articles of clothing and weapons in Greene's possession that were consistent with the eyewitness testimony and surveillance videos. While some of the witnesses offered differing testimony about the perpetrator's age and physical attributes—e.g., height, build, and facial hair—three of the witnesses identified Greene as the perpetrator. *See Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh the evidence or substitute its judgment for that of the jury).

Next, Greene argues that prosecutorial misconduct warrants reversal. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted). Here, Greene contends that the prosecutor improperly vouched for the credibility of the lead detective during trial by asking leading questions and eliciting his opinion about the investigation and decision to arrest Greene. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (providing that "[a] prosecutor may not vouch for the credibility of a witness"). Greene did not object below and we discern no plain error, *see Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (reviewing unpreserved claims of

prosecutorial misconduct for plain error, which must be "plain from a review of the record [and] does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice" (internal quotation marks omitted)), because the State did not vouch for the credibility of the detective, *cf. Browning v. State*, 120 Nev. 347, 359, 91 P.3d 39, 48 (2004) ("[V]ouching occurs when the prosecution places the prestige of the government behind the witness by providing personal assurances of [the] witness's veracity." (alteration in original) (internal quotation marks omitted)). Greene also contends the State made improper golden rule arguments during closing by using the term "you" while explaining definitions and elements related to the charged offenses but again he did not object below so we review for plain error. *Id.; see also Lioce v. Cohen*, 124 Nev. 1, 22, 174 P.3d 970, 984 (2008) ("An attorney may not make a golden rule argument, which is an argument asking jurors to place themselves in the position of one of the parties."). After the prosecutor used the pronoun "you," the district court sua sponte interrupted the State's closing and called a bench conference. When making a record of the discussion, the parties explained that, despite no objection from Greene, the district court proactively admonished the prosecutor about potentially implicating the golden rule by using the pronoun "you." Further, Greene conceded that the prosecutor stopped after the admonishment. Therefore, we discern no plain error.

Greene also argues that cumulative error warrants reversal. Because we discern no error, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 140 n.2, 442 P.3d 138, 145 n.2 (2019) (concluding that there were no errors to cumulate when the court found only one error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Jerry A. Wiese, District Judge
Aisen Gill & Associates LLP
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk